J-S23018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| RAYMOND J. HERNANDEZ | : |
| | : |
| Appellant | : No. 2623 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 27, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001195-2023

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 29, 2026**

Raymond J. Hernandez (Appellant) appeals from the judgment of sentence imposed following his guilty plea to neglect of a care-dependent person.[1]  After careful review, we affirm.

The trial court summarized the relevant factual history as follows:

The charges stem from incidents that occurred between June 1, 2022[,] and January 1, 2023[,] in Paradise Township, Monroe County, Pennsylvania[,] involving [Appellant] and his long-time girlfriend's son, G.R.  Both [Appellant] and G.R. suffer from cerebral palsy.  The criminal complaint alleges that [Appellant] intentionally, knowingly or recklessly endangered the welfare of G.R., who is a care-dependent person for whom [Appellant] was responsible for providing care, treatment, goods and/or services necessary to preserve G.R.'s health, safety and welfare.  The complaint further alleges that [Appellant] assaulted G.R. on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2713(a)(3).

numerous occasions, encouraged him to commit truancy, and failed to get necessary medical and specialized treatment for G.R.

Trial Court Opinion, 12/15/25, at 2 (some capitalization modified).

On June 13, 2025, Appellant, represented by Robert Saurman, Esquire (plea counsel), entered an open guilty plea to one count of neglect of a care-dependent person. In exchange for his guilty plea, the Commonwealth agreed to *nolle prosse* the remaining charges and **recommended** that the trial court impose a mitigated-range sentence. Written Guilty Plea Colloquy, 6/17/25, at 2.[2] The trial court accepted Appellant's plea and scheduled a sentencing hearing on August 27, 2025.

On August 21, 2025, Appellant's counsel filed a motion to continue the sentencing hearing for a later time on the same date. The trial court denied the motion. Appellant appeared at sentencing, represented by an attorney (sentencing counsel) who agreed to stand in for plea counsel.[3] However, sentencing counsel also requested a continuance, based on plea counsel's

_____

[2] Presumably, the written guilty plea colloquy was entered, on the record, during Appellant's guilty plea hearing. However, the colloquy was not date-stamped by the clerk of courts or filed until June 17, 2025.

[3] Appellant and G.R.'s mother were both sentenced during the same hearing. During the hearing, G.R.'s life skills teacher testified concerning the services G.R. receives, as well as deterioration he experienced when those services were interrupted or discontinued. *See* N.T., 8/27/25, at 11-13. G.R.'s foster mother also testified to G.R.'s struggles when he arrived in her care (*i.e.*, obesity, poor hygiene, poor vision, and injuries), and the improvements G.R. has made in foster care and during weekly occupational, physical, and speech therapy. *See id.* at 12-16. After the trial court sentenced G.R.'s mother, one of G.R.'s sisters (K.M.) also testified briefly. *Id.* at 31-32.

unavailability. N.T., 8/27/25, at 24. The trial court denied Appellant's oral motion to continue. *Id.* at 25.

The Commonwealth recommended a sentence of 2 days to 2 years, less one day in prison, followed by 4 years' probation. *Id.* at 30. Sentencing counsel spoke with Appellant, after which Appellant indicated he wished to withdraw his plea based on statements made by G.R.'s life skills teacher and foster mother, which he believed were inconsistent with statements made by K.M. *Id.* at 35; *see also id.* at 25 (sentencing counsel arguing, "From what I just heard, Your Honor, it sounds as though the finger is being pointed primarily at [Appellant] right now…."). *But see id.* at 31-32 (wherein K.M. testified that G.R. is a "pathological liar," and their mother and Appellant were not abusive). The trial court reiterated that it would sentence Appellant only on the conduct to which he admitted during his guilty plea and would not consider any other allegations made by witnesses during the sentencing hearing. *Id.* at 35-36, 41. The trial court denied Appellant's oral motion to withdraw his plea. *Id.* at 38.

Sentencing counsel then requested that the court accept the Commonwealth's sentencing recommendation. When the trial court expressed hesitation about the recommended sentence, sentencing counsel relayed Appellant's assertion that plea counsel had informed him that his guilty plea was a closed plea. *Id.* at 38-39. The trial court responded, "I took his plea and I made it clear this was an open plea." *Id.* at 39. Thereafter,

the trial court sentenced Appellant to 9 to 48 months in prison, with credit for two days of time served. *Id.* at 42. The court additionally directed that Appellant shall have no contact with G.R. or any other minor children. *Id.*

On September 8, 2025, Appellant filed a motion to withdraw his guilty plea, arguing that he is innocent and, in light of K.M.'s testimony, "he has a valid defense to the underlying accusations...." Motion to Withdraw Plea of Guilty, 9/8/25, ¶ 8. Appellant alleged he should have been provided notice of the trial court's intention to impose a sentence departing from the Commonwealth's recommendation. *Id.* ¶ 16.

On the same date, Appellant filed a timely post-sentence motion for reconsideration of his sentence. The trial court denied Appellant's motion for reconsideration and scheduled a hearing on Appellant's motion to withdraw his guilty plea for October 2, 2025. The day before the scheduled hearing, Appellant filed a motion seeking to withdraw his motion to withdraw his guilty plea. The trial court granted the motion.

Appellant filed a timely notice of appeal. *See* Pa.R.Crim.P. 720(A)(2)(c) (providing that "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed … within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion."). Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for review:

A. Whether the [trial] court erred and abused its discretion by sentencing [Appellant] at the top of the standard range, based on

- 4 -

non-relevant factors, where the [Commonwealth] and [Appellant] agreed to a time-served sentence of a few days?

B. Whether the [trial] court erred and abused its discretion by not allowing a continuance of the sentencing hearing to allow for the [plea] counsel who had negotiated the deal to be present to explain the basis for the plea to the court?

C. Whether the [trial] court erred and abused its discretion by not allowing [Appellant] to withdraw his negotiated guilty plea when it was evident that the [trial] court was not willing to follow the negotiated parameters of the plea?

Appellant's Brief at 4-5.

We address Appellant's claims simultaneously, as each relates to his assertion that he entered a negotiated guilty plea. In his first claim, Appellant argues that he pled guilty in exchange for a specific sentence. *Id.* at 15. Appellant asserts, without legal authority, that "it is appropriate where a sentencing court is not willing to accept a recommended sentence upon which a plea is founded for that court to let the defendant know prior to the entry of sentence…." *Id.* at 16 (some capitalization modified). According to Appellant, the court's failure to do so rendered his plea unknowing, unintelligent, and involuntary. *Id.* at 17.

In his second claim, Appellant argues the trial court abused its discretion by denying his motion to continue the sentencing hearing until plea counsel was available. *Id.* Appellant emphasizes that neither plea counsel nor the assistant district attorney who appeared at the guilty plea hearing were available for the sentencing hearing. *Id.* at 18. Appellant suggests that, as

a result, the court had not been made aware of the reasons supporting the plea agreement. *Id.*[4]

In his third claim, Appellant contends the trial court erred and abused its discretion by rejecting his request to withdraw his guilty plea, where the court "was not willing to follow the negotiated parameters of the plea." *Id.* at 18-20.

Preliminarily, we observe that the transcript from Appellant's guilty plea hearing does not appear in the certified record. As this Court has explained, "[t]he fundamental tool for appellate review is the official record of the events that occurred in the trial court." *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*). "This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. … In the absence of an adequate certified record, there is no support

_____

[4] Appellant fails to cite any legal authority in support of this claim. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Indeed, Appellant does not so much as detail the applicable standard of review or address the trial court's stated reasons for denying the motion to continue. Thus, this claim is waived. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Moreover, even if Appellant had adequately developed this claim, we would conclude that it lacks merit for the reasons advanced by the trial court. *See* Rule 1925(a) Opinion, 12/15/25, at 5-6 (explaining that plea counsel's motion was untimely and lacked supporting facts, and the court nevertheless "attempt[ed] to accommodate [plea counsel's] schedule by waiting to call [Appellant's] case for sentencing after we had sentenced all the incarcerated defendants scheduled for sentencing that day").

for an appellant's arguments and, thus, there is no basis on which relief could be granted." ***Id.*** at 7. It is an appellant's duty to supply this Court with a complete certified record. ***Id.*** Additionally, our Rules of Appellate Procedure require an appellant to order and pay for any transcripts necessary for resolution of the issues raised on appeal. Pa.R.A.P. 1911(a); ***see also*** Pa.R.A.P. 1921 (providing that the certified record includes, *inter alia*, the transcripts of proceedings).

Instantly, our review of the certified docket sheet and the relevant documents in the certified record reveal that plea counsel only requested transcription of the sentencing hearing in this matter. ***See*** Motion for Transcripts, 11/4/25. Our informal inquiry confirmed that **Appellant did not request transcription of the guilty plea hearing.**

As Appellant's claims are premised on the entry of his guilty plea and the terms thereof, his failure to include the guilty plea hearing transcript in the record is fatal. ***See Preston***, 904 A.2d at 7 ("When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.").[5] Appellant's remaining claims are waived on this basis.

_____

[5] We note that during the sentencing hearing, when Appellant expressed his understanding that his plea included a negotiated sentence, the trial court stated, "I never agreed to a closed plea. And simply because [Appellant is]
*(Footnote Continued Next Page)*

Based upon the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2026

_____

hearing from the [c]ourt now that he's not getting the sweetheart deal … isn't a ground to withdraw this." N.T., 8/27/25, at 39; **see also id.** at 40 (trial court stating, "Let [Appellant] file an appeal. … **He can get the transcript of the guilty plea hearing**." (emphasis added)).

Moreover, the certified record transmitted to this Court wholly suggests that Appellant entered an open plea with the agreement that the Commonwealth would provide a certain sentencing **recommendation**, rather than a negotiated sentence. **See** Written Guilty Plea Colloquy, 6/17/25 (indicating the Commonwealth's agreement to *recommend* a mitigated-ranged sentence based on Appellant's disability); **see also** N.T., 8/27/25, at 28 (sentencing counsel describing a sentencing **recommendation**), 30 (sentencing counsel asking the court to accept the Commonwealth's sentencing recommendation).